IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, § § § | |
| Plaintiff, § | Case No: |
| § | |
| vs. § | **PATENT CASE** |
| § | |
| WHIRPOOL CORPORATION, § § | |
| Defendant. § § § | |

## COMPLAINT

Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "RCDI") files this Complaint against Whirlpool Corporation ("Defendant" or "Whirlpool") for infringement of United States Patent Nos. 7,899,713 ("the '713 Patent") and 8,788,090 ("the '090 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,899,713)

8. Plaintiff incorporates paragraphs 1 through 8 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '713 Patent with sole rights to enforce the '713 Patent and sue infringers.

11. A copy of the '713 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit A.

12. The '713 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 16, of the '713 Patent by making, using,

importing, selling, and/or offering for sale a customizable app and appliance system covered by one or more claims of the '713 Patent. Defendant has infringed and continues to infringe the '713 patent in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses systems, including, without limitation, smart appliances, such as the Whirlpool 5.3 cu. Ft. Smart Cabrio Top Load Washer with Laundry App, and the Laundry App itself, which is loaded on a mobile device ("System"), and related connectable components and/or applications, which may operate in connection with the System, which infringe at least Claim 16 of the '713 Patent.  These systems and components allow a user to remotely customize the operation of various functions of smart appliances using a mobile device or other computing platform that can support an app. For example, the user can control settings of the smart appliances.

15. On information and belief, the System includes a remote server including a database storing a product preference (e.g., additional functionality of the smart appliances, such as special wash cycles for a smart washing machine) for at least one user.  For example, the System's server stores appliance settings that the user can use to remotely control an appliance's functionality.

16. On information and belief, the System includes a terminal (e.g., a smartphone having the app loaded thereon) for transmitting an identity of the user (e.g., the user logs in with the user's credentials) to the remote server.  On information and belief the terminal also receives the product preference of the user from the server.  For example, the smartphone can receive from the server a product preference (e.g., appliance settings), which can then be modified and/or transmitted to the appliance.

17. The System includes a communication network (e.g., Internet) for coupling the

remote server (e.g., Whirlpool server) and the terminal (e.g., smartphone).

18.   The System includes a first communication module (e.g., Wi-Fi transmitter) within the product (e.g., smart appliance) and in communication with the terminal (e.g., smartphone).

19.   On information and belief, the server receives the identity of the product (e.g., smart appliance) and the identity of the user (e.g., during log on).  On information and belief, the server also retrieves the product preference (e.g., appliance settings) from the database based on the identity of the product and the identity of the user.  For example, appliance settings for a particular appliance are tied to a particular user account.  On information and belief, the server transmits the product preference (e.g., appliance settings) to the first communication module via the terminal (e.g., the request for the appliance settings was made on the smartphone).

20.   Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

21.   Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22.   Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

23.   Plaintiff incorporates paragraphs 1 through 22 herein by reference.

24.   This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

25.   Plaintiff is the owner by assignment of the '090 Patent with sole rights to

enforce the '090 Patent and sue infringers.

26.   A copy of the '090 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit B.

27.   The '090 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

28.   Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 Patent by making, using, importing, selling, and/or offering for sale a customizable app and appliance system covered by one or more claims of the '090 Patent. Defendant has infringed and continues to infringe the '090 patent in violation of 35 U.S.C. § 271.

29.   Defendant sells, offers to sell, and/or uses systems, including, without limitation, smart appliances, such as the Whirlpool 5.3 cu. Ft. Smart Cabrio Top Load Washer with Laundry App, and the Laundry App itself, which is loaded on a mobile device ("System"), and related connectable components and/or applications, which may operate in connection with the System, which infringe at least Claim 1 of the '090 Patent.  These systems and components allow a user to remotely customize the operation of various functions of a smart appliance using a mobile device or other computing platform that can support an app. For example, the user can control settings of the smart appliance.

30.   On information and belief, the System includes a remote server including a database storing a product preference (e.g., additional functionality of the smart appliances, such as special wash cycles for a smart washing machine) of a predetermined product (e.g., a particular appliance) for at least one user (e.g., a user linked to the particular appliance via an account).  For example, the System's server stores appliance settings that the user can use to

remotely control a appliance's functionality.

31. The System includes a first communication module (e.g., Wi-Fi transmitter) within the product (e.g., smart appliance) and in communication with the remote server (e.g., Whirlpool server).

32. On information and belief, the server receives the identity of the product (e.g., particular smart appliance) and the identity of the user (e.g., during log on).  For example, the user is identified by an account and the particular appliance is identified as being linked to that user's account.  On information and belief, the server also retrieves the product preference (e.g., appliance settings) from the database based on the identity of the predetermined product and the identity of the user.  For example, appliance settings for a particular appliance are tied to a particular user account.  On information and belief, the server transmits the product preference (e.g., appliance settings) to the first communication module (e.g., the Wi-Fi transmitter in the appliance).

33. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

34. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

35. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

    (b)    Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent Nos. 7,899,713 and 8,788,090 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

    (c)    Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

    (d)    Award Plaintiff pre-judgment and post-judgment interest and costs; and

    (e)    Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.


Dated: December 22, 2016					Respectfully submitted,


							*/s/ Jay Johnson*
							**JAY JOHNSON**
							State Bar No. 24067322
							**D. BRADLEY KIZZIA**
							State Bar No. 11547550
							**KIZZIA JOHNSON, PLLC**
							1910 Pacific Ave. Suite 13000
							Dallas, Texas 75201
							(214) 451-0164
							Fax: (214) 451-0165
							jay@kjpllc.com
							bkizzia@kjpllc.com

							**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# EXHIBIT B